## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEANELL SIMS,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civil Action No. CJC-24-2003** |
| **D.R. HORTON,** | * | |
| **Defendant.** | * | |

## MEMORANDUM OPINION

Plaintiff Jeanell Sims tripped on a rug and fell while attending an open house of a model home. Plaintiff later filed suit against Defendant D.R. Horton, the owner of the model home, for negligence under the doctrine of premises liability, alleging that Defendant had a duty to correct any dangerous or defective conditions of which Defendant was aware or reasonably should have been aware. Defendant removed Plaintiff's lawsuit to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). Now pending is Defendant's Motion for Summary Judgment. ECF No. 26. The Motion is fully briefed, ECF Nos. 29, 30, and no hearing is necessary. Loc. R. 105.6.

## FACTUAL BACKGROUND[1]

On February 9, 2021, Plaintiff entered a model home owned by D.R. Horton, accompanied by her daughter, who was interested in purchasing a house. Def. Mot. Ex. 1, ECF No. 26-2 ("Sims Dep. Tr.") at 56:8–14; 64:14–16. While walking through the home, Plaintiff

---

[1] The facts set out in this section are undisputed and drawn from Plaintiff's deposition testimony, interrogatory answers, and other documents that Defendant attached to its Motion for Summary Judgment. Plaintiff provided only a brief recitation of facts in her opposition to Defendant's Motion and likewise cited to evidence submitted by Defendant, including her deposition testimony.

tripped and fell on an area rug. Sims Dep. Tr. at 57:13–21. During her deposition, Plaintiff attempted to describe the rug and its condition. *Id.* at 58:10–21. She stated that she thought the rug "might have been [crumbled up]." *Id.* She also stated that her view of the rug was unobstructed. *Id.* at 59:17–21. In her interrogatory responses, Plaintiff stated that the "defective condition was that the rug or runner was covering the floor and its position caused me to catch my foot and fall." Def. Mot. Ex. 2, ECF No. 26-3 at 9.

Seven weeks later, on April 1, 2021, Plaintiff filed for Chapter 7 bankruptcy. Def. Mot. Ex. 3, ECF No. 26-4 at 1. Defendant asserts that Plaintiff failed to disclose her potential claims related to this incident as required by the bankruptcy petition. Specifically, Defendant points to Question 33 of "Schedule A/B: Property," which asks debtors to disclose "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment[.] Examples: Accidents, employment disputes, insurance claims, or rights to sue." ECF No. 26-4 at 2. Plaintiff responded "no." *Id*. Defendant also states that Plaintiff failed to list the negligence claim among the assets she claimed as exempt on the Schedule C form. *See id*. at 3. She did not file any amendments or updates to the schedules or disclosures. *See* ECF No. 26-1 at 4.

## ANALYSIS

Defendant has moved for summary judgment on two grounds. First, Defendant argues that Plaintiff lacks standing to pursue her negligence claim in this Court because she failed to disclose the claim in connection with a bankruptcy petition she filed after her fall. Second, Defendant argues that Plaintiff's negligence claim must fail because she cannot prove two required elements to establish premises liability: that the rug was a dangerous condition that posed an unreasonable risk of harm to visitors, and that Defendant knew or should have known

that the danger was hidden and Plaintiff would not have discovered it. Defendant also contends that Plaintiff is judicially estopped from pursuing her negligence claim here.

For the reasons set forth below, the Court finds that Plaintiff lacks standing, given that she failed to disclose in the bankruptcy petition the negligence claim that is the subject of this lawsuit. But even if Plaintiff had standing, her negligence claim would fail because the undisputed facts demonstrate that she cannot prove that Defendant breached the duty of care it owed to Plaintiff. As a result, Plaintiff cannot establish the necessary elements to prevail on a premises liability negligence claim.

The Court addresses each argument in turn, beginning with Defendant's challenge to Plaintiff's standing, as this Court has an "independent obligation to assess its subject-matter jurisdiction." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005).

## I.    Standing

### A.    Legal Standard

Because Defendant is seeking to dismiss Plaintiff's lawsuit on the ground that she lacks standing, this argument is more appropriately considered under the framework of Federal Rule of Civil Procedure 12(b)(1) as a motion to dismiss for lack of subject matter jurisdiction. *See Nicholas v. Green Tree Servicing, LLC*, 173 F. Supp. 3d 250, 254 (D. Md. 2016). When considering such a motion, the Court looks to the complaint to determine whether the plaintiff has alleged facts sufficient to establish subject matter jurisdiction. *Id.* "When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court 'may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Id.* (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)). This

3

Court "should grant the Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation and quotations omitted).

### B.    Analysis

Defendant argues that Plaintiff lacks standing to bring this negligence claim because she failed to disclose it in her Chapter 7 bankruptcy petition, filed seven weeks after the fall. ECF No. 26-1 at 10. Defendant further contends that Plaintiff is judicially estopped from pursuing the claim, as she knowingly omitted it while taking steps to preserve it, such as photographing the scene, listing a related medical creditor, and retaining counsel shortly after filing the petition, demonstrating the omission was intentional. *Id*. at 11–12.  Plaintiff concedes that she did not disclose the negligence claim. However, she explains that she retained separate bankruptcy counsel to handle the bankruptcy proceeding and that bankruptcy counsel "did not inquire about pending legal claims or potential lawsuits before submitting [Plaintiff's] petition." Pl.'s Resp. at 2, ECF No. 29. Plaintiff included a declaration with her response stating that she "did not knowingly or intentionally omit the personal injury claim from [her] fall on the defendant's property." Sims Decl. ¶ 4, ECF No. 29-4.

When an individual files a petition for bankruptcy, a bankruptcy estate is created. *See* 11 U.S.C. § 541(a). This estate "consists of all of the property that will be subject to the jurisdiction of the bankruptcy court" and is used to pay the debtor's creditors. 5 COLLIER ON BANKRUPTCY § 541.01 (Richard Levin & Henry J. Sommer eds.,16th ed.). The Bankruptcy Code construes property broadly and specifically notes that the estate should include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Such property interests include non-bankruptcy causes of action that arose out of events

occurring prior to the filing of the bankruptcy petition." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342 (4th Cir. 2013).

Once the bankruptcy estate is created, it is administered by a trustee who has the power to liquidate the debtor's property and generate money to pay the debtor's creditors. *See* 6 COLLIER ON BANKRUPTCY § 704 (Richard Levin & Henry J. Sommer eds., 16th ed.); *see also* 11 U.S.C. § 704(a)(1). With that authority, only a trustee has standing to bring claims based on any cause of action within the estate. *See Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999). A debtor may regain standing to bring claims that accrued before the bankruptcy petition "if property listed on the debtor's schedules of property has not been administered when the bankruptcy case closes." *Nicholas*, 173 F. Supp. 3d at 255. However, "[i]f the debtor's schedule does not disclose a cause of action that accrued pre-petition, that cause of action remains the property of the estate after the bankruptcy case is closed." *Id.* (citing *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008)); *see also* 11 U.S.C. § 554(d). Significantly, a debtor does not have standing to bring a pre-petition claim that was not scheduled and therefore never abandoned. *See Nicholas*, 173 F. Supp. 3d at 255. Thus, to determine whether Plaintiff has standing, the Court must determine if the negligence claim in this lawsuit accrued pre-petition and was properly scheduled.

"'To determine when a cause of action accrues, and therefore whether it accrued pre-bankruptcy and is an estate asset, the Court looks to state law.'" *Borlo v. Navy Fed. Credit Union*, 458 B.R. 228, 232 (D. Md. 2011) (quoting *Boland v. Crum (In re Brown)*, 363 B.R. 591, 605 (Bankr. D. Mont. 2007)). "Under Maryland law, a cause of action accrues when: (1) the legally operative facts permitting the filing of a claim come into existence; and (2) the claimants have notice of the nature and cause of their injury." *Miller v. Pac. Shore Funding*, 287 B.R. 47, 50 (D.

5

Md. 2002), *aff'd*, 92 Fed. Appx. 933 (4th Cir. 2004). Maryland courts have defined notice as "having knowledge of circumstances which would cause a reasonable person in the position of the plaintiffs to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge of the alleged fraud." *O'Hara v. Kovens*, 305 Md. 280, 302 (1986).

Plaintiff lacks standing to pursue this negligence action because the claim at issue accrued prior to her filing for bankruptcy in April 2021 and was not properly scheduled in Plaintiff's bankruptcy case. As such, the negligence claim that is the subject of this lawsuit became property of the bankruptcy estate and may only be pursued by the bankruptcy trustee.

Here, Plaintiff's negligence claim arose from a fall that occurred on February 9, 2021— well before she filed her bankruptcy petition on April 1, 2021. Plaintiff's testimony that she returned to the model home with a friend days later to take photographs indicates that she was aware of the potential claim shortly after the incident. *See* Sims Dep. Tr. at 49:11–53:09. Additionally, Plaintiff hired counsel to pursue her negligence claim shortly after filing the bankruptcy petition, on April 12, 2021. ECF No. 26-1 at 11. Plaintiff had immediate notice of both the incident and her injury, and thus the claim accrued pre-petition. Plaintiff does not dispute that she did not disclose the claim in her bankruptcy schedules. She asserts that she "relied on private counsel to guide her through the bankruptcy process." ECF No. 29 at 1–2; *see also* Sims Decl. ¶¶ 2–4. Plaintiff further states that "[a]ny omissions or oversights in the filing are, at most, harmless error, not grounds for dismissal of her tort claim." ECF No. 29 at 2. However, a debtor's duty to disclose is not excused by reliance on counsel or claimed inadvertence. Courts have consistently held that failure to disclose a known claim bars later pursuit of that claim. *Nicholas*, 173 F. Supp. 3d at 255 (citing *Chartschlaa*, 538 F.3d at 122); *see also* 11 U.S.C. § 554(d).

6

Because the Court finds that Plaintiff's negligence claim in this matter had accrued prior to Plaintiff's bankruptcy petition, the claim was not properly scheduled. Plaintiff does not have standing to pursue the claim in this Court. Nevertheless, assuming *arguendo* that Plaintiff had standing to pursue her negligence claim, the claim would not survive Defendants' Motion for Summary Judgment for the reasons set forth below.

## II.     Plaintiff's Premises Liability Claim

### A.     Legal Standard

Summary judgment motion practice "is properly regarded . . . as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Henry v. Purnell*, 652 F.3d 524, 548 (4th Cir. 2011)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "'affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th

7

Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citing *Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)); *see Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023) (providing that "plaintiffs need to present more than their own unsupported speculation and conclusory allegations to survive").

### B.    Analysis

Plaintiff alleges that Defendant breached its duty to protect her, a business invitee, from any unreasonable dangers on the premises and failed to warn her of such dangers. *See generally* ECF No. 29. Defendant argues that summary judgment is warranted because Plaintiff has failed to produce evidence that it breached this duty. ECF No. 26-1 at 7. Specifically, Defendant asserts that it neither created the allegedly dangerous condition nor had actual or constructive notice of its existence. *See* ECF No. 26-1 at 7–9. Without evidence that the rug presented a dangerous condition, or that Defendant knew or should have known about the condition prior to the incident, Defendant contends that Plaintiff cannot meet her burden of proof on the essential elements of a premises liability claim. *Id.*

Plaintiff argues in a conclusory fashion that disputes of material fact exist which preclude summary judgment in Defendant's favor. ECF No. 29 at 3. Plaintiff points to "testimony, sworn discovery responses, and corroborating medical documentation" as material sufficient to establish genuine disputes of fact; however, she fails to elaborate on the specific evidence or facts that rebut Defendant's arguments. *Id.*

As noted above, the Court must consider the facts and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff as the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 569–70 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). "Indeed, it is the function of the factfinder to resolve factual disputes, including issues of witness credibility." *Dominant Invs. 113, LLC v. United States Liab. Ins. Co.*, 247 F. Supp. 3d 696, 700 (D. Md.), *aff'd*, 707 F. Appx. 155 (4th Cir. 2017) (citing *Tolan v. Cotton*, 572 U.S. 650, 656–60 (2014)).

Maryland law governs resolution of Plaintiff's negligence claim. In an action brought under a federal court's diversity jurisdiction, the court is to apply the substantive law of the state in which it sits. *Mathis v. Terra Renewal Servs. Inc.*, 69 F.4th 236, 242 (4th Cir. 2023); *Lewis v. Waletzky*, 422 Md. 647, 657 (2011). Under Maryland law, "Plaintiff's sole cause of action is negligence based on premises liability, and to prevail she must demonstrate that: (1) Defendant[ ] owed Plaintiff a duty to protect her from injury; (2) Defendant[ ] breached that duty; (3) Plaintiff suffered actual injury or loss; and (4) Plaintiff's injury or loss proximately resulted from the Defendant['s] breach of duty." *Duncan-Bogley v. United States*, 356 F. Supp. 3d 529, 534 (D. Md. 2018) (citing *Rosenblatt v. Exxon Co., U.S.A.*, 335 Md. 58, 76 (1994)).

### 1. Duty

The element of duty is not in dispute, as Plaintiff was a business invitee at the time of the incident and Defendant concedes that it owed a duty of care to Plaintiff as a business invitee. *See*

ECF No. 26-1 at 6. "The highest duty is owed to a business invitee, defined as 'one invited or permitted to enter another's property for purposes related to the landowner's business.'" *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997) (quoting *Casper v. Chas. F. Smith & Son, Inc.*, 71 Md. App. 445, 457 (1987), *aff'd*, 316 Md. 573 (1989)).

### 2.    Breach

The next element of Plaintiff's claim is whether Defendant breached its duty of care. Although the highest duty is owed to a business invitee, a store owner is not an insurer of the safety of its customers and there is no presumption of breach of duty merely from the fact that a customer sustained an injury in the owner's store. *See Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994); *Moulden v. Greenbelt Consumer Serv., Inc.*, 239 Md. 229, 232 (1965). A store owner must only "exercise reasonable care to 'protect the invitee from injury caused by an unreasonable risk' that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care." *Tennant*, 115 Md. App. at 388 (quoting *Casper v. Chas. F. Smith & Son, Inc.*, 316 Md. 573, 582 (1989)). Thus, to sustain a negligence cause of action in a premises liability case and prove that a store owner breached their duty, the business invitee must show that the store owner created the dangerous condition or had actual or constructive knowledge that it existed. *Moulden*, 239 Md. at 232; *Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (2003); *Tennant*, 115 Md. App. at 389.

Here, the record is devoid of any evidence that that there was, in fact, a dangerous condition. In her deposition, Plaintiff provided vague descriptions of the rug and its condition. Sims Dep. Tr. at 58:10–21. She stated that she thought the rug "might have been [crumbled up]." *Id.* She also stated that her view of the rug was unobstructed. Sims Dep. Tr. at 59:17–21. Plaintiff

further stated in her answers to Interrogatory Nos. 17 and 20 that "[t]he defective condition was that the rug or runner was covering the floor and its position caused me to catch my foot and fall." ECF No. 26-3 at 9–10. However, she did not describe how the position of the rug was defective, nor did she provide any detail indicating that the rug presented an unreasonable risk of harm. The mere presence of a rug on the floor, without more, does not constitute a dangerous or defective condition. *See, e.g.*, *Bender v. Nalee, Inc.*, 261 Md. 82, 86 (1971) (finding for defendant because "'[t]here [was] no testimony that the runner or mat was not fit, safe, and suitable for the purpose and in the place it was used.'" (quoting *Weidman v. Consolidated Gas Elec. Light & Power Co.*, 158 Md. 39 (1930)).

Furthermore, Plaintiff's opposition to Defendant's Motion for Summary Judgment is rife with conclusory statements that a genuine dispute exists as to whether there was a dangerous condition. For example, in her response, Plaintiff states "Defendant's motion also alleges that [Plaintiff] has failed to prove the rug at issue was hidden, defective, or causally related to her fall. This assertion presents a classic dispute of material fact, precisely what must be resolved by a jury." ECF No. 29 at 2–3. However, Plaintiff does not point to any specific deposition testimony that creates the dispute of material fact. Plaintiff also offers no affidavits, expert opinions, or other admissible evidence showing that the rug was hidden, defective, or posed an unreasonable risk. Mere conclusory statements regarding disagreement with Defendant's position, without supporting evidence, do not create triable issues of fact and are not sufficient to survive a motion for summary judgment. *See Anderson*, 477 U.S. at 248 (the nonmoving party may not rely upon mere allegations or denials of allegations in pleadings to defeat a motion for summary judgment).

11

Without the existence of a dangerous or defective condition, Plaintiff cannot prove that Defendant breached its duty to her under Maryland law and no reasonable factfinder could find in Plaintiff's favor. Furthermore, because Plaintiff lacks standing to pursue this action and cannot establish the elements of negligence, the Court need not reach the issue of judicial estoppel. Plaintiff's claims independently fail on both jurisdictional and substantive grounds. Accordingly, D.R. Horton is entitled to summary judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant D.R. Horton's Motion for Summary Judgment, ECF No. 26, is GRANTED. A separate Order follows.

DATED this 18th day of September, 2025

BY THE COURT

Chelsea J. Crawford
United States Magistrate Judge